





**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

In re

JOHN M. WADE and JESSICA WADE,

Debtor.

JUDY PALIOTTA,

Plaintiff,

v.

JOHN M. WADE and JESSICA WADE,

Defendant.

Case No. SV 05-11674 MT

Chapter 7

Adv. No. 05-01397 MT

**ORDER (1) GRANTING SUMMARY ADJUDICATION ON PLAINTIFF'S 523(A)(2)(A) CLAIM; (2) GRANTING PLAINTIFF'S DEEMED MOTION TO AMEND COMPLAINT; AND (3) SETTING FURTHER DEADLINES**

Date: August 17, 2006
Time: 2:00 p.m.
Place: Courtroom 302

On June 8, 2006, Defendants John and Jessica Wade filed their Motion for Summary Judgment or, in the Alternative, for Summary Adjudication of Issues. On July 12, Plaintiff filed a Response to Defendants' Motion for Summary Judgment, a Response to Defendant's Conclusions of Law, and a Response to the Answer to the Amended Complaint. On July 25, 2006, Defendants filed an Objection to Plaintiff's

Proffered Evidence. On July 26, 2006, Defendants filed an Objection to Plaintiff's Response to the Answer to the Amended Complaint. On July 27, 2006, Defendants filed their reply. A hearing was held on the Motion on August 17, 2006 at 2:00 p.m. Tyson Takeuchi appeared for the Defendants and Plaintiff appeared *pro se*.

**Background**

Plaintiff and John Wade ("Debtor") agreed, at minimum, to a loan in the amount of $40,000, principally for the purchase of an auto body shop.[1] Debtor was to make payments in monthly $700 installments until the loan was repaid. Debtor made ten consecutive payments, then stopped. Debtor only paid owner of the shop a $3,000.00 down payment and not the $30,000 plaintiff believed he would pay. At some point Debtors closed the shop, sold the tools, and moved to Arizona. The *pro se* Plaintiff is suing Debtors in this adversary proceeding to recover the remaining loan amount. She has argued that Debtors defrauded her but has not identified any specific cause of action under the Bankruptcy Code, despite opportunity to further amend the Complaint.

The Amended Complaint essentially states that Wade was a friend. Plaintiff gave him $30,000 to purchase an auto shop and an additional $10,000 (upon request) for licensing and other paperwork. Wade and Plaintiff were business partners. Wade only paid $3,000 up front for the business and after a few months skipped town without notice while Plaintiff was hospitalized. Plaintiff states: "Did he defraud me? The answer is yes!" Plaintiff gave checks of $18,000, $12,000, and $10,000 to John Wade. The balance due and owing is $36,000. The last payment was made October 2004.

**Procedural Issues**

Defendant argues that the Plaintiff has not complied with Local Bankruptcy

---

[1] This Court is specifically not making any finding at this point whether this transaction was a traditional loan or was to purchase equity in the Debtor's business.

Rules, the Federal Rules of Civil Procedure, or the Federal. Rules of Evidence. LBR 2090(g)(3) states: "Compliance with Rules. Any person appearing without counsel shall comply with the Local Bankruptcy Rules, the F.R.Civ.P., F.R.Evid., F.R.App.P., and F.R.B.P. Failure to comply may be grounds for dismissal, conversion, appointment of a trustee or an examiner, judgment by default, or other appropriate sanctions." The Reply does little to explain why the pleadings do not comply. Defendants cite to LBR 9013-1, which is the standard for summary judgment or partial summary adjudication. I am not sure whether the Defendants are suggesting that Plaintiff's service was insufficient, whether the pleadings were filed too late, or if there is no issue of material fact. Plaintiff has not strictly complied with the local rules, but it appears she has in substance stated what she disputes in the defendant's moving papers. She has not ignored the rules to the extent that it is detrimental to the defendant's ability to defend the case. The factual nexus for these allegations is narrow and the legal theories are fairly limited as well. The rule implies permissiveness, "*may* be grounds for dismissal" (emphasis mine). Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The parties are better served if the case is not decided on this rules-based issue, but rather an attempt to sort out the merits is made.

**Defendant's Objection to Proffered Evidence under FRE 408**

Plaintiff, in her opposition to the motion for summary judgment, cites to Debtor's declaration at paragraphs 10-15. (Plaintiff cites to "Exhibit A" but it is actually "C".) Assuming that the Declaration was produced in contemplation of a settlement, it appears that Federal Rule of Evidence 408 precludes this declaration as evidence for the purposes of this adversary. *See RDM Holdings v. Equitex (In re Rdm Sports Group),* 277 B.R. 415, 432-33 (2002) ("rule [408] also excludes from admission 'evidence of conduct or statements made in compromise negotiations.'").

This declaration was signed February 27, 2006 by Wade. He appears to have opened the door Plaintiff's use of this document as he submitted it well after the unsuccessful mediation took place on September 8, 2005. Wade likely waived his right to object under this section by disclosing this information himself, but I will not reach that issue. At most, only paragraph 9 should be stricken as that is the only part of the declaration which refers to a statement made in a mediation. Other statements are general and do not reference settlement. Thus, to be fair, no consideration of any statements made in the mediation will be considered.

**Defendant's Motion for Summary Judgment**

Defendants argue the following:

Plaintiff merely loaned Debtor money; the four corners of the promissory note does not say what that the loan proceeds were for limited purposes. Plaintiff and Defendants agree that the loan was for the purpose of purchasing the garage, but there is no proof that the loan was intended only to purchase the garage in full.

Debtor tried to run the garage, but business declined. Plaintiff encouraged Debtor to continue the business. Debtor spent the loan money on a $3,000 down payment on the garage and the rest on purchasing parts for operating the business and other operating expenses.

Debtor made ten payments of $700 pursuant to the terms of the note. Debtor stopped paying only because it became financially impossible for him to do so. No partnership existed between Debtor and Plaintiff.

While it is as unclear to Defendants as it is to the Court what Plaintiff's legal theory is, Defendant argues that Plaintiff appears to be making a claim under 11 U.S.C. § 523(a)(2)(A) for fraud. Defendant argues that Plaintiff has not alleged any facts to establish fraud against Debtor, that Plaintiff has not alleged any facts to establish fraud

against Debtor-spouse and Defendant, Jessica Wade, and that there was no partnership between Debtor and Plaintiff, and one is irrelevant to a fraud claim.

There is no issue of material fact present. The partnership issue is irrelevant to a fraud claim. The elements to a fraud claim are:

1. Debtor made the representation;

2. The debtor knew the representations were false at the time they were made;

3. The debtor made the representations with the intent to deceive the creditor;

4. The creditor relied on the representations; and

5. The creditor sustained loss as the proximate result of the debtor's representations.

*Household Credit Servs., Inc. v. Ettell (In re Ettell)* 188 F.3d 1141, 1144 (9th Cir. 1999). Plaintiff has not made any of these allegations of Defendants. Even if the Court finds that Debtor made representations, Plaintiff does not allege Wade knew they were false at the time he made them.

There may have been a "misunderstanding between the parties as to how the business was to be purchased, or how the loan proceeds were to be used," but this does not establish fraud. Wade's declaration states that it was only because of Debtor's financial inability to pay back the loan that he stopped making payments.

Defendant also argues that, even assuming the Debtor defrauded the Plaintiff, there is no basis for including his wife, Jessica Wade, in this action. Plaintiff does not allege any facts that would impute fraud upon the spouse. Marriage alone is not sufficient to impute the fraud of one spouse upon the other. *Tsurukawa v. Nikon Precision, Inc. (In re Tsurukawa)*, 258 B.R. 192 (9th Cir. B.A.P. 2001).

**Response to Motion**

Plaintiff responded with a memorandum signed under penalty of perjury, which

the court will deem the equivalent of a declaration or affidavit. She claims therein as follows: Debtor told Plaintiff that loan was for the purchase of the business in full. Debtor tried to get the $40,000 from Plaintiff without signing anything. Debtor finally gave into signing the promissory note when Plaintiff told Debtor he would not get money until he signed the note. The agreed to be partners and defendant would supply the sweat equity. Debtor ran away to Arizona without telling Plaintiff. Debtor lied to the Chapter 7 Trustee when he told her that Debtor and Debtor's wife lived in California when they in fact were living in Arizona. She repeats the additional allegations that were made in the verified amended complaint.

Plaintiff states that Defendants made all contracts with the garage owner and Defendants knew that the loan was for purchase of the business in full. Defendants entered into the agreement intending to deceive Plaintiff. Plaintiff was told by [Defendants] one thing while they were doing something else. Defendants defrauded Plaintiff. Plaintiff has sustained hardship as a result of their lies. There was never a misunderstanding between the parties.

In support of her claim against Jessica Wade, plaintiff states: Jessica Wade's name was on the $18,000 check and she worked at the store every day. That makes her involved in the suit, "in fact, an equal partner."

**Summary Judgment**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c) (incorporated by FRBP 7056). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the

absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. *Id.* at 324. The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir.1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir.1976). The inference drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Valadingham v. Bojorquez*, 886 F.2d 1135, 1137 (9th Cir.1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Insurance Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir.1981).

The real issue is deciding what cause of action the Plaintiff has claimed. Though it would seem she is claiming some form of fraud, it's not clear what she is claiming. The Court's ability to help the Plaintiff is extremely limited. "While it is true that a court must construe pro se pleadings liberally, the court may not act as counsel for either litigant." *Bergman v. Webb* (*In re Webb*), 212 B.R. 320, 321 (1997) *citing Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983). Where, as here, a party is proceeding *pro se*, a court must read the papers liberally and interpret them "to raise the strongest arguments they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) The application of this standard does not, however, "relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir 2003). It is settled law that the allegations of a *pro se* litigant, however inartfully pleaded, are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

While it is hard for the case to proceed if it is not clear what cause of action the Plaintiff is pursuing, there are two causes of action that appear to be argued by Plaintiff. Defendant construes her allegations as solely a claim under 11 U.S.C. § 523(a)(2)(A). A discussion of a claim under 11 U.S.C. § 523(a)(4) also appears to be apparent from the evidence proffered by Plaintiff.

**Plaintiff is Precluded from a Fraud Claim under either 11 U.S.C. § 523(a)(2)(A) or 11 U.S.C. § 523(a)(4) for Failing to Plead or Factually Support Fraud with any Specificity**

Under section 523(a)(2)(A) or the first half of section 523(a)(4), the Plaintiff must allege fraud. In her papers, Plaintiff pursues a fraud theory: "So basically, the question is, 'Did he defraud me?' The answer is yes!" (Amended Compl. ¶ 5). "Plaintiff now understands why Mr. Wade was reluctant to enter into a legal binding agreement, and that reason is 'fraud.'" (Plaintiff's Response to MSJ ¶ 3). "Plaintiff now knows that Mr. Wade never intended to repay this loan in full and was intending to defraud her from the start!" (Plaintiff's Response to MSJ ¶ 6).

When fraud is a part of a cause of action, the Federal Rules of Bankruptcy Procedure require that pleadings state the circumstances constituting fraud with particularity. FRCP 9(b) (incorporated by FRBP 7009). "In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." *Id.* "Rule 9 F. R. Civ. P. applies in adversary proceedings." FRBP 7009. Plaintiff must meet this pleading requirement to charge fraud. "A complaint that merely recites statutory language fails to state a claim under Rule 12(b)(6)." *In re Kubick*, 171 B.R. 658, 660 (9th Cir. B.A.P. 1994). A mere averment that Plaintiff was defrauded similarly does not satisfy Rule 9.

Plaintiff was given an opportunity to amend her Complaint and the Court

explained that she needed to provide more detail and not just allegations, but there is simply no detail to support a fraud claim. Given the lack of specificity in either the allegations or the factual support, this claim must fail.

**11 U.S.C. § 523(a)(4) - Defalcation**

Reading plaintiff's statements and allegations, she does appear to also argue a theory of non-dischargability for defalcation while acting in a fiduciary capacity. If so, there is an issue of material fact with respect to whether the parties were partners.

Assuming that Plaintiff may pursue a section 523(a)(4) cause of action, she may prove either fraud or defalcation under this section. Under the defalcation prong of section 523(a)(4), Plaintiff does not need to plead fraud with specificity in her complaint. The Ninth Circuit ruled on the definition of defalcation in *In re Lewis:*

> Under section 523(a)(4), defalcation "includes the innocent default of a fiduciary who fails to account fully for money received." *In re Short*, 818 F.2d at 694 (citation omitted); *In re Baird*, 114 Bankr. 198, 204 (9th Cir. BAP 1990) ("In the context of section 523(a)(4), the term 'defalcation' includes innocent, as well as intentional or negligent defaults so as to reach the conduct of all fiduciaries who were short in their accounts") . . . . An individual may be liable for defalcation without having the intent to defraud.

*In re Lewis*, 97 F.3d 1182, 1186-7 (9th Cir. 1996). Plaintiff does allege that Debtor defaulted, innocent or otherwise: "The last payment I received was October 2004. The balance due and owing on this note is $26,000." (Amended Compl. ¶ 7). Since even an innocent default can be defalcation, the threshold question is whether Plaintiff alleges and provides factual support that they were fiduciaries.

**Fiduciary Relationship**

"Whether a relationship is a 'fiduciary' one within the meaning of section 523(a)(4) is a question of federal law." *Lewis v. Scott (In re Lewis*), 97 F.3d 1182, 1185 (9th Cir. 1996) *citing Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir. 1986). "Although the concept of fiduciary is to be narrowly defined as a matter of federal law, state law is

to be consulted to determine when a trust in this strict sense exists." *Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir. 1986) *citing Runnion v. Pedrazzini (In re Pedrazzini)*, 644 F.2d 756, 758 (9th Cir. 1981). The Ninth Circuit has held that, under California law, all partners are fiduciaries, "California has made all partners trustees over the assets of the partnership. Accordingly, we hold that California partners are fiduciaries within the meaning of § 523(a)(4) and that Haller's debt to Ragsdale is non-dischargeable." *Id.* at 796-797.

In the instant case, Plaintiff contends that she and Debtor "decided we would become partners. I would be the silent partner (putting up the money for purchase) and he would run the business." (Amended Complaint ¶ 3). The Debtor states that they were never partners, "Defendants deny that any partnership was ever contemplated or entered into between Plaintiff and Defendants." (Answer ¶ 3). This is a central issue of material fact that cannot be determined at summary judgment.

Defendants accurately point out that the Court deemed this a § 523(a)(2)(A) claim at an earlier hearing. It is, therefore, understandable why Defendants have proceeded to defend against only that claim. In fairness, Defendants should be given an opportunity to file a summary judgment motion relating to the § 523(a)(4) cause of action Plaintiff now appears to be claiming, should they chose to do so.

**Jessica Wade**

With respect to Jessica Wade, Plaintiff claims that she should be a defendant because her name was on the $18,000.00 check. She did not, however, sign the promissory note. There are no averments or no evidence she made any fraudulent representations, was a fiduciary, or committed any wrongful or egregious conduct. The fact that Jessica may have worked at the shop means nothing. There is no averment that she was a partner. At most, the fact the check was made in Jessica's name can

only suggest a constructive transfer to John Wade. Plaintiff herself states in the Amended Complaint that she gave the $18,000 check to *John* Wade. The Amended Complaint simply alleges no facts against Jessica, and the papers do not suggest much more. She may not stay in the case simply by association. Defendant is correct that the case should be dismissed against Jessica Wade in its entirety.

**Disposition**

Defendants are granted summary adjudication with respect to Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A). In addition, summary judgment is granted in favor of Jessica Wade. However, this does not end this matter. As Defendants noted in their opposition, Plaintiff's papers effectively are a motion to amend. FRCP 15(a) (incorporated by FRBP 7015) provides, in pertinent part, that leave to amend "shall be freely given when justice so requires." Here, considering that Plaintiff is *pro se* and has, in her subsequent papers, outlined a possible cause of action against Defendant John Wade, justice requires that Plaintiff be permitted to amend her complaint. For the sake of judicial economy, Plaintiff's Amended Complaint, together with the documents she filed in response to Defendant's motion for summary judgment shall collectively be deemed Plaintiff's Second Amended Complaint. Leave to amend should be granted if the underlying facts provide proper grounds for relief or if the complaint can be saved by amendment. *Edwards v. Occidental Chemical Corp.*, 892 F.2d 1442, 1446 (9th Cir. 1990). This is particularly so where, as here, there is no undue delay, bad faith, futility of amendment, or prejudice to the opposing party. *Id.* This Second Amended Complaint makes out a claim against John Wade only and only under § 523(a)(4). Defendants' response to such documents shall be deemed an answer thereto.

The parties shall have until October 23, 2006 to complete discovery. Defendant John Wade shall bring a motion for summary judgment, if any, by no later than October

30, 2006. January 5, 2007 at 9:00 a.m. shall be reserved for trial.

DATED: August 24, 2005

MAUREEN A. TIGHE
United States Bankruptcy Judge

**CERTIFICATE OF SERVICE BY MAIL**

I certify that a true copy of this **ORDER** was served on 8/24/06 to the parties listed below:

Judy Paliotta
8541 Foothill Blvd., #201
Sunland, CA 91040

Tyson Takeuchi
3699 Wilshire Blvd, Ste. 1260
Los Angeles, CA 90010

John and Jessica Wade
38719 10th E., Apt. 23
Palmdale, CA 93550-2920

Office of the U.S. Trustee
21051 Warner Center Lane, Ste. 115
Woodland Hills, CA 91367

Dated:

DEPUTY CLERK